UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| W.D. HENTON,  ) | Case No. 1:15CV1620 |
| ) | |
| Petitioner,  ) | JUDGE JEFFREY J. HELMICK |
| ) | Magistrate Judge George J. Limbert |
| v.  ) | |
| ) | |
| MICHELE MILLER, Warden,  ) | |
| BELMONT CORRECTIONAL  ) | **REPORT AND RECOMMENDATION** |
| INSTITUTION,  ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Respondent.  ) | |
| ) | |

Pro se Petitioner W.D. Henton ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred in conjunction with his Ashtabula County, Ohio Court of Common Pleas convictions for improper discharge of a firearm into a habitation with a firearm specification and having weapons under disability. *Id*. On August 6, Petitioner executed his federal habeas corpus petition and on August 14, 2015, the petition was filed. *Id*. On October 21, 2015, Respondent Michele Miller, Warden of the Belmont Correctional Institution in St. Clairsville, Ohio ("Respondent") filed an answer/return of writ. ECF Dkt. #6. On November 2, 2015, Petitioner executed another document captioned as a "Writ of Habeas Corpus Pursuant 28 U.S.C. 2254" that was docketed on November 9, 2015 as an amended habeas corpus petition, but the undersigned and Respondent believe is best deemed a traverse. ECF Dkt. #7.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS the petition in its entirety with prejudice:

**I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY**

    **A.    State Trial Court**

In its May 2012 term, the Ashtabula County Grand Jury indicted Petitioner on: one count of improperly discharging a firearm at or into a habitation in violation of Ohio Revised Code ("ORC") § 2923.161A)(1), with a firearm specification and a forfeiture specification (Count 1); one count of

felonious assault in violation of ORC § 2903.11(A)(2) and (B)(2) with a firearm specification and a forfeiture specification; one count of having weapons while under disability in violation of ORC § 2923.13(A)(2); and one count of carrying concealed weapons in violation of ORC § 2923.12(A)(1) and (F)(1). ECF Dkt. #6-1 at 4-5.

On October 2, 2013, Petitioner, with counsel, filed a written plea of guilty indicating that his counsel had explained to him the charges against him and the facts and circumstances surrounding his plea of guilty. ECF Dkt. #6-1 at 8. The plea agreement was also attached which listed the charges in the indictment, the State's agreement to dismiss Counts Two and Four, and Petitioner's agreement to enter guilty pleas to improper discharge into a habitation with the firearm specification and having weapons while under disability. *Id.* at 9. The plea agreement also listed the maximum penalties that Petitioner was facing for his plea of guilty, including up to eight years in prison on the improper discharge of a firearm into a habitation with a firearm specification and up to 36 months of imprisonment for the having weapons while under disability. *Id.* The plea agreement also indicated that Petitioner faced 3 years of mandatory prison time for the firearm specification. *Id.*

On October 2, 2013, the trial court filed a journal entry indicating that it had advised Petitioner, with counsel present, of his constitutional rights and the penalties that he was facing upon entering guilty pleas to Counts 1 and 3 of the indictment. ECF Dkt. #6-1 at 12. The entry indicated that Petitioner retracted his former not guilty pleas in this case and entered guilty pleas to improper discharge into a habitation with the firearm specification and having weapons while under disability. *Id.* at 11. A verdict of forfeiture was also filed by the court. *Id.* at 14.

On December 19, 2013, the trial court merged Counts 1 and 3 for sentencing purposes and imposed a prison sentence of 3 years on the firearm specifications to run prior to and consecutive with 5 years of incarceration on the improper discharge of a firearm conviction. ECF Dkt. #6-1 at 15-17. The trial court also imposed a mandatory term of 3 years of post-release control. *Id.* The court further indicated in the judgment entry that he could never lawfully possess a firearm and Petitioner faced a period of post-release control upon discharge from prison. *Id.*

    **B.**    **Direct Appeal**

Petitioner filed no direct appeal of his conviction or sentence.

### C. **Post-Conviction**

On June 2, 2014, Petitioner pro se filed a petition for post-conviction relief in the Ashtabula County Court of Common Pleas. ECF Dkt. #6-1 at 19. He raised the following ground for relief:

> Effective Counsel and Diligent Prosecution allowed the court to sentence beyond the plea agreement. Article I § 10 to note 34. Fair Trial (Plea); Due Proccess[sic] (Court none interference in Plea Agreement); Equal Protection (Intervention).

*Id*. Petitioner also filed a motion for the appointment of counsel and the appointment of a paralegal. *Id*. at 22-28.

On November 3, 2014, Petitioner pro se filed a "Plea Error" motion quoting from his plea agreement and asserting that the trial court sentenced him beyond the 3 years for which he believed the plea agreement only allowed him to be sentenced. ECF Dkt. #6-1 at 28. He quoted the part of the plea agreement which stated that the maximum penalty for Count 1 is "X Firearm specification as follows: (3) three years mandatory prison." *Id*.

On November 12, 2014, the trial court issued a judgment entry denying Petitioner's "Plea Error" motion and finding that no error existed in the sentence as imposed. ECF Dkt. #6-1 at 35. The court also found that res judicata barred consideration of the assertion since Petitioner could have raised this issue on direct appeal but did not. *Id*.

On December 17, 2014, Petitioner filed a motion for leave to appeal the trial court's denial of his "Plea Error" motion and a notice of appeal. ECF Dkt. #6-1 at 36-54. He also filed an appellate brief and requested that counsel be appointed. *Id*. at 39-50. On January 14, 2015, the State filed a motion to dismiss Petitioner's appeal as it was untimely filed. *Id*. at 55-57. Petitioner filed a response. *Id*. at 57-59. On January 15, 2015, the trial court denied Petitioner's motion for leave to appeal, referring to the reasons given by the court in its November 12, 2014 judgment entry. ECF Dkt. #6-1 at 54. The appeal was nevertheless docketed. ECF Dkt. #6 at 4, fn. 2.

On March 15, 2015, the Ohio Eleventh District Court of Appeals dismissed Petitioner's motion for leave and appeal, finding that the appeal was not filed timely and was not presented in compliance with Rule 5(A) of the Ohio Rules of Appellate Procedure requiring the appellant to file proper notices and requiring the motion for leave to appeal to set forth the reasons for the failure to perfect the appeal as of right. ECF Dkt. #6-1 at 62-64.

On April 3, 2015, Petitioner pro se filed a notice of appeal in the Supreme Court of Ohio. ECF Dkt. #6-1 at 66. On the same date, Petitioner filed a memorandum in support of jurisdiction asserting the following:

> PROPOSITIONS OF LAW
>
> I. Notice of Appeal to the Appellate Court by mail was by the instructions of the Criminal Procedure of Ohio for filing by Criminal Procedure 32(b) filing and give Notice to the court of Appeal by its instructions that implementation of Criminal Procedure 32(b)82)(a)(b)(c)(d) that instructs by its methods the appellant may file and be heard in the procedure describe Procedures of Court Appellate Procedure 16. The procedures by the records of the court of Appeals Clerk of Court of Jefferson County, Ohio fro[sic] the Court of Common Pleas of Jefferson County, Ohio are explicit and accepted b[sic] the Clerk of the Court as proper in the accords of Criminal Procedure 23.(B) and Appellate Procedure in the Rules of Court appellate Procedures for Appeal.
>
> II. Application of Appellate Procedure (4)(A) The court accepted a timely filed appeal by the courts[sic] certificate of service to the clerk of the court to allow the court to make the decision of th[sic] filing t[sic]in the manner the court can verify by the records of the court the Certificate of Procedures for Appellate Procedure (4)(A) time for perfecting of appeal, criminal appeals denied the court determination and allows the appellate to proceed on appeal.
>
> III. Application of Appellate Procedure (5)(A) the appelate by the definition of the certificate of service of the record of the court was not in violation to cause the effect of the application of the Appellate Procedure (5)(A). [T]he Clerk of Court receive[sic] a Notice of Appeal and the Clerk for the Clerk of Court receive the notice of the Appellate Appeal. Timely filed by Certificate of Service 12-009-2104. The Affidavit of Indigence is for the Notice and the Affidavit as; the Brief has a[sic] affidavit attach[sic] to it. The court records reflect the court did not determine th[sic] filing to be out of date by the certificate of service but by a mishap of th[sic] clerk service of the court. The court determination is invalid. The three certificates of service are valid by the record of the court.

*Id*. at 71-72. The State waived its right to respond to the memorandum in support of jurisdiction. *Id*. at 77.

On June 24, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. ECF Dkt. #6-1 at 79.

## II. **28 U.S.C. § 2254 PETITION**

On August 6, 2015, Petitioner pro se executed the instant petition for a writ of federal habeas corpus, which was filed on August 14, 2015. ECF Dkt. #1. Petitioner raised the following grounds for relief:

GROUND ONE:

Art I section 10 note 34. Fair Trial comity to Fifth Amend. U.S.C. For the privilege to plea by the accords of Cr. Ru. Proc. 11(e); (2); (3); (5) comity to Crim. Proc. 11(F) Negotiated plea in felony cases.

Supporting Facts:

The fair trial is denied when the court explains conditions outside the agreement signed than[sic] proceeds to add other terms with the sentence for more sentence to be served. The signed agreement is for three years and no other agreement to sentence is signed or agreed to.

GROUND TWO:

Art. I section 10 Note 34. Due Process comity to Fourth Amend. The cause of the allegation is the lack of the court to review in the process of the plea by Cr. Proc. 11(e) comity to Cr. Proc. 11(F) the underlying statement of which the plea is based shall be stated on the record in open court. The court by record sentence[sic] the Petitioner beyond the underlying statement of three years.

Supporting Facts:

The court in the colloquy agreed to allow the three years be the only sentence and than[sic] after the signature of agreement by the written agreement added other terms and sentence by the normal course of law as if the terms were agreed for trial.

GROUND THREE:

Art I Section 10 Note 34. Equal Protection is denied as the plea is by the pleas to indictment and the sentence is to be as the plea in writing states three years. The alteration is after the signature and misleads with the application of a trial not agreed to.

Supporting Facts:

The lack of the court to know the agreement is by the indictment and to alter is not agreed to the indictment and cause the plea to be not of the record. In the application of the statue[sic] the court agrees to allow the sentence yet it adds to the agreement after the signature.

ECF Dkt. #1. Respondent filed an answer/return of writ on October 21, 2015. ECF Dkt. #6. On November 2, 2015, Petitioner pro se filed what appears to be a traverse to his original federal habeas corpus petition, although it was docketed as an amended federal habeas corpus petition on November 9, 2015. ECF Dkt. #7. In that document, Petitioner asserts the following grounds for relief, which appear to repeat and expand upon his original grounds for relief:

> PROPOSITION OF LAW NO. 1:
>
>> Enhance sentence of plea are vacated by Judgment Relief pursuant Art. I section 10 Note 34; Fair Trial; Due Process; Equal Protection; Comity Federal Rules of Procedure Cr. Proc. 11(e).
>
> PROPOSITION OF LAW NO. 2:
>
>> Must contain written agreement at term of allegating[sic] sentence; Incorporation, comity to Federal Rules of Procedure Cr. Proc 11.

*Id*. at 5-6. Counsel for Respondent was notified of the subsequently filed document and indicated that no amended answer would be filed as she believed the document to be a traverse.

### III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case.

#### B. Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000). Further, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on

independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1) whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2) whether the state courts actually enforced the state procedural sanction;
>
> (3) whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and
>
> (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal

claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986). A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Id*.

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

-10-

unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

> A. Decisions of lower federal courts may not be considered.
>
> B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.
>
> C. The state court decision may be overturned only if:
>
>> 1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;
>>
>> 2. the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or
>>
>> 3. 'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or
>>
>> 4. the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'
>
> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state

-11-

>> court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## **V.** **ANALYSIS**

The undersigned notes that Petitioner's grounds for relief are difficult to understand, although they all seem to relate to allegations that the trial court committed constitutional error in sentencing him as he contends that the written plea agreement that he signed, and the court accepted, barred a sentence beyond three years of imprisonment.

### A. **EXHAUSTION**

Respondent first asserts that Petitioner has failed to exhaust all of the grounds for relief presented in the instant federal habeas corpus petition because he failed to raise them on direct appeal. ECF Dkt. #6 at 7-8. The undersigned agrees and recommends that the Court find that exhaustion bars consideration of Petitioner's instant grounds for relief.

Here, Petitioner failed to directly appeal his conviction and sentence to the Ohio appellate court and to the Supreme Court of Ohio. The first challenge to his sentence and/or to the plea agreement occurred on June 2, 2014, well after Petitioner's December 29, 2013 sentence, when he filed a petition for post-conviction relief in the state trial court. ECF Dkt. #6-1 at 19. The trial court never ruled on this motion and in fact, the docket of the criminal case in Ashtabula Court of Common Pleas shows the filing post-conviction relief motion, but no ruling on the motion. *See* Case Number 2012CR00312 in http://courts.co.ashtabula.oh.us. Petitioner thereafter filed a "Plea Error" motion on November 3, 2014, whereby he asserted that the plea agreement limited his sentence to three years in prison and the trial court erred in sentencing him beyond three years. ECF Dkt. #6-1 at 28. The trial court did rule on that motion, finding no error in sentencing him beyond three years and applying res judicata as Petitioner could have raised the assertion on direct appeal but did not do so. *Id.* at 35. Petitioner appealed this determination and the Ohio appellate court construed his pro se "32.(B)(1) Notification of right right[sic] to appeal (2)(3)(a)(b)(c)(d)" as a notice of appeal. *Id.* at 62. The Ohio appellate court cited to Rules 4(A) and 5(A) of the Ohio Rules of Appellate Procedure and dismissed the appeal, finding that Petitioner failed to comply with the thirty-day time set forth in Rule 4(A) in which to file his notice of appeal and he failed to comply with the leave to appeal rule in Rule 5(A). *Id*. at 63-64. The appellate court indicated that Petitioner may refile his appeal seeking leave to appeal pursuant to Rule 5(A). *Id.* at 64. Petitioner chose instead to file an appeal to the Ohio Supreme Court and that court decline to accept jurisdiction. *I*d. at 79.

While procedural history exists as to Petitioner's state post-conviction relief petition, the fact remains that he never filed a direct appeal of his conviction and sentence or a motion for delayed appeal. Thus, he has failed to properly exhaust his claims. Moreover, Petitioner presents no cause

-13-

to excuse his failure to exhaust these claims in the state courts. Accordingly, the undersigned recommends that the Court find that Petitioner has failed to exhaust state court remedies.

### B. MERITS

However, even if the Court would accept that Petitioner has exhausted his state court remedies as technically his grounds for relief in the instant petition were presented to the highest courts in Ohio, albeit through a post-conviction relief petition and not direct appeal, the undersigned recommends that the Court find no merit to Petitioner's grounds for relief.

First, to the extent that Petitioner asserts that the alleged failure to follow the plea agreement and the trial court's sentence violates Ohio law, such claims are noncognizable before this federal habeas corpus Court. A state court's failure to follow its own rules is not cognizable in federal habeas corpus unless those failures constitute a violation of due process. *Smith v. Anderson*, 632 F.3d 277, 281 (6th Cir. 2011), citing *Ramos v. Rogers*, 170 F.3d 560, 564 n. 2 (6th Cir.1999)("Since this is an appeal of the denial of a habeas petition, we are not permitted to review whether the plea colloquy conformed with the strictures of Ohio Rule 11, but only whether it comported with the requirements of constitutional due process." (citing *Norris v. Schotten,* 146 F.3d 314, 328 (6th Cir.1998))); *Finch v. Vaughn*, 67 F.3d 909, 914 (11th Cir.1995) ("Reviewing federal courts may set aside a state court guilty plea only for failure to satisfy due process." (internal quotation marks omitted)).

In order "[f]or a plea to be knowing and voluntary, a defendant must be aware of the consequences of his plea, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel." *Marks v. Davis*, 504 Fed. App'x 383, 385, No. 10-2216 (6th Cir. Nov. 2, 2012), unpublished, citing *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (quotation omitted). The Supreme Court of the United States has held that a defendant must have "sufficient awareness of the relevant circumstances and likely consequences" of his plea. *Brady*, 397 U.S. at 748. A guilty plea must be accompanied by "an affirmative showing that it was intelligent and voluntary." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004, quoting

*Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A plea may be involuntary if the defendant does not understand the nature of the constitutional protections that he is waiving and may be unintelligent if the defendant does not understand the charge against him. *Henderson v. Morgan*, 426 U.S. 637, 645, n.13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). The government can show that the plea was made intelligently and voluntarily by producing a transcript of the state court proceedings. *McAdoo*, 365 F.3d at 494, citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir.1993).

Here, since Petitioner is asserting that the trial court's sentence was beyond that which he agreed to in the plea agreement, Respondent attaches a copy of the plea agreement that Petitioner signed with his attorney. ECF Dkt. #6-1 at 1-2. That plea agreement specifically outlines the maximum sentences to which Petitioner is subject for the crimes to which he was pleading guilty. *Id.* at 1. The plea agreement specifically states the following in relevant part:

| Offense/Specification | Range of basic Prison term |
|---|---|
| Improper discharge/with specification | 2, 3, 4, 5, 6, 7, or 8 years |
| Having weapons while under disability | 9, 12, 18, 24, 30, or 36 mos. |

*Id*. The plea agreement further indicated the maximum fines for each offense to which Petitioner was pleading guilty, the written word "no" as to whether mandatory prison was necessary for each offense, and "no" as to whether there was a presumption for prison as to the offenses. *Id*. Underneath that section contained the following:

**X** Firearm specification as follows: 3 years mandatory

*Id*. The plea agreement also specifically stated that "I understand that the State of Ohio's position on sentencing is: Leave sentence to court." *Id.* It further explained that "I understand that any recommendation of sentence to the Court by the State is not binding in any way on the Court and that any sentence to be imposed is in the sole discretion of the Court." *Id*.

Most importantly, the plea agreement specifically stated that " If I am pleading to multiple counts I understand that the Court could run some or all of my sentences consecutively. If the Court

-15-

should choose to run all of my sentences consecutively, the maximum prison term would be 11 years, and the maximum fine is $25,000.00. ECF Dkt. #6-1 at 1-2. In its judgment entry merging Petitioner's offenses and sentencing him to the mandatory three-year term of incarceration on the firearm specification and five years for the improper discharge of a firearm, the court indicated that it had afforded Petitioner the opportunity to speak at the sentencing and he was afforded all rights under Rule 32 of the Ohio Rules of Criminal Procedure. *Id.* at 15-16. The court indicated that it had considered all of the appropriate sentencing factors and found that the victim in the case suffered serious psychological harm, Petitioner had a history of criminal convictions, including two felony convictions for which he served prison sentences, and Petitioner had not responded favorably to sanctions previously imposed upon him for his previous convictions. *Id.*

While Petitioner appears to believe that he was subject only to the three-year mandatory prison term for the firearm specification, the trial court's sentence of 8 years was well within the range specified in the plea agreement and the plea agreement specifically set forth those ranges for the offenses to which Petitioner pled guilty, in addition to the mandatory three-year prison term for the firearm specification. ECF Dkt. #6-1 at 15-16; ECF Dkt. #7-1 at 1-2. While the mandatory prison term was indicated for the firearm specification, this certainly did not preclude the trial court from sentencing Petitioner for the other offenses to which he entered guilty pleas and whose range of sentences were clearly specified in the plea agreement that he signed. Therefore, the undersigned recommends that the Court find no merit to Petitioner's grounds for relief.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.

DATE: April 6, 2017  */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).