UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

W.D. Henton,  Case No. 1:15-cv-1620

    Petitioner

  v.  MEMORANDUM OPINION

Michelle Miller,

    Respondent

   Before me is the April 6, 2017 Report and Recommendation of Magistrate Judge George J. Limbert recommending dismissal of Petitioner W.D. Henton's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 9). Also before me are the *pro se* Petitioner's objections[1] (Doc. No. 10) and the Respondent's response (Doc. No. 11). For the reasons stated below, I adopt the Magistrate Judge's recommendation as set forth in the Report and Recommendation.

### I. APPLICABLE LEGAL STANDARD

   A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with

---

[1] Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to a Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered by the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d 2017). In conducting a de novo review, the court need not conduct a de novo hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

## II. THE REPORT AND RECOMMENDATION

In Magistrate Judge Limbert's Report and Recommendation, he sets forth the relevant factual and procedural history. This includes history of the state trial court and post-conviction proceedings, including the observation there was no direct appeal by Petitioner. (Doc. No. 9 at pp. 1-4). The Magistrate Judge summarized Petitioner's grounds for relief as follows:

> [T]hey all seem to relate to allegations that the trial court committed constitutional error in sentencing him as he contends that the written plea agreement that he signed, and the court accepted, barred a sentence beyond three years of imprisonment.

(*Id.* at p. 12). The Magistrate Judge then considered the grounds for relief and determined Petitioner failed to properly exhaust his claims. Alternatively, the Magistrate Judge conducted a merits analysis and found no merit to Petitioner's grounds for relief as to his plea agreement. For these reasons, the recommendation is to dismiss the petition with prejudice.

## III. OBJECTIONS

Objections by *pro se* litigants are to be interpreted leniently and liberally construed. *Erickson v. Pardus*, 551 U.S. 89 (2007). A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to

discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't.*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011).

Petitioner submitted his objections in an eleven page filing. (Doc. No. 10). I have carefully reviewed the objections and agree with the Magistrate Judge's observations that Petitioner's arguments are somewhat confusing but appear to take issue with the following: (1) hurdles aimed at procedural default and (2) imposition of a sentence which is contrary to law. I disagree.

The Magistrate Judge correctly determined that exhaustion barred a merits review because Petitioner "never filed a direct appeal of his conviction and sentence or a motion for delayed appeal. . . [and he] presents no cause to excuse his failure to exhaust these claims in the state courts." (Doc. No. 9 at pp. 13-14). *See Maupin v. Smith*, 785 F.2d 135, 138-139 (6th Cir. 1986) (burden is on petitioner to demonstrate a constitutional violation and actual prejudice by that constitutional error).

Nevertheless, the Magistrate Judge conducted a merits analysis and determined there was no merit to Petitioner's grounds for relief. The Sixth Circuit's discussion on the validity of plea agreements provides useful guidance:

> [T]he state of Ohio has elected to adopt a rule that only enforceable plea agreements are those which are presented to, and accepted by, the trial court judge. This is not unusual, and, indeed, it comports with our own rules of criminal procedure. *See* Ohio Crim. R. 11(F).

*Smith v. Anderson*, 632 F.3d 277, 283 (6th Cir. 2011) (finding the state court's failure to enforce an off-the-record plea agreement was not an unreasonable application of clearly established federal law).

The Magistrate Judge also detailed the terms of the plea agreement and determined the agreement specified a range of sentences for the other offenses in addition to the mandatory three year prison term for the firearm specification. I have reviewed that written plea agreement (Doc. No. 6-1 at pp. 8-10) and agree those additional offenses and potential sentences were clear. *See*

*United States v. Stegall*, 385 F.3d 993, 999 (6th Cir. 2004) (courts interpreting plea agreements use traditional principles of contract law). Thus, to the extent Petitioner's objections are aimed at the clarity of the plea agreement, those objections are not well taken.

### IV. CONCLUSION

For the reasons stated above, the April 6, 2017 Report and Recommendation by Magistrate Judge Limbert (Doc. No. 9) is adopted as the Order of this Court. The Petition is dismissed with prejudice.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Henton's petition does not meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge